IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CRAIG GAWLAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-253-R |
| | ) | |
| WILLIAM MONDAY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is a habeas corpus petition challenging a prison disciplinary conviction brought by Petitioner Craig Gawlas under 28 U.S.C. § 2241. This matter was referred to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation on June 4, 2013, to which Petitioner has timely objected. Upon de novo review of the record, the Court agrees with the Report and Recommendation and rules that Petitioner's case should be DISMISSED WITH PREJUDICE.

As stated in the Report and Recommendation, Petitioner was required to exhaust any available state remedies before proceeding to federal court. Petitioner acknowledges that he failed to do so, but argues that utilizing the available state remedy under Okla. Stat. tit. 57, § 564.1 would have been futile. In support of this, Petitioner points to the limitations on state court review under Okla. Stat. tit. 57, § 564.1(D). Further, Petitioner asserts that it would have been implausible that upon direction from a state court, the

"ODOC would overturn the finding of guilt . . . because doing so would render it vulnerable to a § 1983 action."

It is true that the requirement that Petitioner exhaust his state remedies may be excused if there is "an absence of available State corrective process" or where "circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007) (citations omitted). Here, however, State corrective process exists, and the circumstances do not render the State process ineffective to protect Petitioner's rights. Petitioner claims that he did not seek the judicial review provided by Oklahoma statute because it would not have been able to remedy his situation—namely, because his finding of guilt allegedly rested on insufficient evidence and he could not find any state court cases holding for the prisoner. But as the Tenth Circuit stated in *Magar*, insufficient evidence supporting a finding of guilt of possession of contraband "could be remedied [in state court] by an order commanding ODOC to afford [Petitioner] with additional process." *Id.* at 819. Further, Petitioner's inability to find a state court case holding for the prisoner under Okla. Stat. tit. 57, §564.1 does not establish that exhausting his state law remedies would have been futile. Finally, Petitioner's argument concerning the implausibility of ODOC overturning his finding of guilt on subsequent review for fear of an action under § 1983 is groundless.

The Court may excuse Petitioner's procedural default in failing to exhaust his state remedies if Petitioner can show either cause for the default and actual prejudice from the violation of federal law, or that a fundamental miscarriage of justice would result from the failure to consider his claims. *Id.* at 819 (quoting *Bland v. Sirmons*, 459 F.3d 999,

1012 (10th Cir. 2006)). Petitioner makes no argument for there being cause for his procedural default. Petitioner's only argument concerning a fundamental miscarriage of justice involves total reliance on *Hayes v. McBride*, a case out of the Northern District of Indiana. *Hayes* is easily distinguished from the present situation because the petitioner in *Hayes* was not facing a procedural bar to federal court review. *See* 965 F.Supp. 1186, 1187 (N.D. Ind. 1997). Here, the Petitioner is facing such a bar.

Moreover, the Court notes that the "some evidence" standard announced by the Supreme Court in *Superintendent, Mass. Corr. Inst., Walpole v. Hill* was met in this case. *See* 472 U.S. 445, 455 (1985) (explaining that the standard is met "if there was some evidence from which the conclusion of the administrative tribunal could be deduced"). Accordingly, no fundamental miscarriage of justice will result from the Court's failure to consider the Petitioner's claims. *See Magar*, 490 F.3d at 820 (explaining that the fundamental miscarriage of justice exception "is a markedly narrow one, implicated only in 'extraordinary case[s] . . . .'" (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999))).

As Petitioner failed to exhaust his state court remedies, this acts as a bar to federal habeas review. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006). The Report and Recommendation is ADOPTED in its entirety. [Doc. No. 10]. Respondent's Motion to Dismiss is GRANTED [Doc. No. 8]. Because Petitioner has filed his objections to the Report and Recommendation, his latest Motion for Extension of Time in which to file the objections is DENIED AS MOOT. [Doc. No. 17]. Petitioner's habeas petition is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 23rd day of August, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE